The EXCELSIOR HARDWARE COMPANY, Appellant,

v.

The JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellee.

No. 160, Docket 24815.

United States Court of Appeals Second Circuit.

Argued Feb. 5, 1958.

Decided April 7, 1958.

Bruce W. Manternach, Lee C. Fielden, Hartford, Conn. (Robinson, Robinson & Cole, Hartford, Conn., of counsel), for appellant.

Wallace W. Brown, Hartford, Conn. (Gross, Hyde & Williams, Hartford, Conn., of counsel), for appellee.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

WATERMAN, Circuit Judge.

The appellant commenced this action to recover money allegedly due under an annuity contract issued by the appellee. Error is assigned to the refusal of the District Court to hold that under the annuity contract the appellant is entitled to the cash surrender value of the policy, or, alternatively, to hold that appellee became contractually obligated, independently of the annuity contract, to pay the cash surrender value.

On December 1, 1943 the appellee issued an annuity contract providing for payment of a lifetime monthly annuity, with 120 installments certain, to James E. Mix, an employee of the appellant. Payment was to commence on December 1, 1953. In 1945 the contract was assigned to appellant, and thereafter appellant paid the premiums as they came due. On March 5, 1954, at which time three monthly payments were due under the annuity contract but not yet paid, the annuitant died. Some time thereafter the appellee was notified that the appellant elected to receive the cash surrender value of the contract at the date of its maturity. Payment of this amount was refused on the ground that under the contract appellant was entitled to receive only the three past due installments plus the balance of 117 additional installments commuted to present value at two and one-half per cent. The tender of this amount by the appellee was accepted by the appellant without prejudice to its rights. This action was then commenced to recover the difference between the amount received and the cash surrender value of the contract on December 1, 1953.

The District Court correctly held that under the unambiguous terms of the annuity contract the appellant was entitled to receive only the 120 installments certain, and that it had no right to the cash surrender value. By the first paragraph of the contract the appellee

"agrees to pay * * * to the Annuitant * * * a monthly annuity of *Three Hundred Twenty Two and* 00/100 Dollars, commencing on the *first* day of *December* 1953, if the Annuitant is then living, and payable at monthly intervals thereafter during the lifetime of the Annuitant. If the Annuitant dies after such date and before receiving one hundred twenty monthly annuity payments (herein called the instalments certain), the Company agrees to pay * * * the balance of said one hundred twenty monthly instalments certain remaining unpaid at the date of death, commuted at the rate of two and one-half per cent per annum * * *"

Provision for payment of the cash surrender value of the contract is made in two later paragraphs, neither of which is applicable to the situation here. The first, entitled *"Death Benefit,"* is applicable only "If the Annuitant dies while

this contract is in full force and before any annuity payment is due * * * " Here, the Annuitant's death occurred more than three months after the first annuity payment was due. The second paragraph providing for payment of the cash surrender value is entitled "Non-Forfeiture Provisions" and it provides that

"After one full annual premium has been paid on this contract, and before the commencement of annuity payments, either one of the following non-forfeiture options may be elected by a writing filed with the Company * * * within three months after the due date of any premium in default * * * ".

One of the options provided is an election to receive the cash surrender value of the contract. The provisions of this paragraph are likewise of no avail to the appellant because they are limited to the situation where default has occurred in the payment of premiums.

Thus, the paragraphs of the contract which provide for payment of the cash surrender value are inapplicable to a situation where, as here, the annuitant dies after payment of all premiums and after the first annuity payment is due. Such a contingency is covered by the first paragraph of the contract, which, as we have noted, limits the obligation of the appellee to payment of the balance of 120 installments certain.

 Several weeks prior to the maturity of the annuity contract the appellee sent the appellant a "Notice of Maturing Pension Trust Annuity" which provided for payment of the cash surrender value of the contract in lieu of the monthly annuity payments if the appellant so elected. During January of 1954 the appellant responded by requesting a "tandem option," that is, the opportunity to elect cash surrender value and leave the amount so payable with the appellee subject to a further election at a later date. The appellant was notified that this procedure would not be permitted. Nevertheless, no election was made by the appellant until after the death of the annuitant, the first time at which it became clear that the cash surrender value of the contract was of greater value than the right to receive the 120 installments certain. The appellant now contends that the "Notice" which it received was an offer which was accepted by it prior to rejection or revocation. Clearly, however, the power of acceptance was limited to a reasonable time after communication of the offer. The appellant was not privileged to wait nearly four months in order to determine which of the options provided was most advantageous to it. 1 Williston on Contracts § 54 (Rev.Ed.1936). The appellee's offer of a settlement option other than that provided by the annuity contract not having been accepted within a reasonable time, the offer lapsed.

Judgment affirmed.